Parker C. J.
delivered the opinion of the Court. The only question is, whether the making of bricks for sale on a lot of land principally and usually occupied for purposes of farming, comes within the terms, “ common labors of his farm ” ; and we think that the question thus distinctly put answers itself in the mind of every one. The legislature meant to restrict this exemption to such passing as should be necessary or convenient for the purposes of husbandry, and they used the most fit words for the expression of such intention. Common labors of a farm no farmer would apply to the working of a brick-kiln, a distillery, or any other manufacturing establishment, which may be erected on the land owned by the defendant. A general exemption certainly was not intended, and perhaps no form of words could have been better chosen to exclude the particular business for which the toll is demanded in this action.

Defendant defaulted.

*

 See Newburgh &c. Co. v. Belknap, 17 Johns. R. 33 ; Bates v. Sutherland 15 Johns. R. 510 ; Wooster v. Van Vechten, 10 Johns. R. 467 ; Stratton v. Herrick, 9 Johns. R. 356 ; Stratton v. Hubbel, ibid. 357 ; Hearsay v. Boyd, 7 Johns. R. 183 ; Chestney v. Coon, 8 Johns. R. 116.